# FRANCISCA CORTEJO ET AL.

*v.*

# THE AMERICAN RAILROAD COMPANY OF PORTO RICO.

---

San Juan, Law, No. 438.

1. The employers' liability act of Porto Rico (P. R. Rev. Stat. §§ 322–333) was, until the act of 59th Congress, chap. 3073, p. 232, Sess. Laws, went into effect, an exclusive remedy.

2. The Porto Rican act gave no right of action to a parent of an injured boy unless death ensued.

3. The right of action given by § 60 of the Code of Civil Procedure is only the ordinary one reserved to the minor in any case.

4. The notice required by § 327, P. R. Rev. Stat., cannot be required of a minor, nor does the limitation of six months apply to such cases.

5. The minor may sue by his next friend at any time before majority, or by himself on attaining that age.

6. Chapter 3073, 34 Stat. at L. 232, Sess. Laws 59th Congress, applies to Porto Rico, and, in so far as the act of Congress conflicts with the Porto Rican act, supersedes the latter.

7. Said act of Congress (the national employers' liability act) is constitutional in Porto Rico and is locally applicable.

Cortejo v. American R. Co.

8. Sections 212 to 221 of the Civil Code only apply to actions between the persons therein mentioned.

Order filed February 25, 1907.

---

*Joseph Anderson, Jr., Esq.,* attorney for plaintiffs.

*Francis H. Dexter, Esq.,* attorney for defendant.

RODEY, Judge, delivered the following opinion:

The issue before the court is raised by the defendant's demurrer to the complaint. The plaintiff alleges that she is a widow and resident of San Juan, Porto Rico, and that her son, Caledonio Rivera, is nineteen years old and also resident of said San Juan, and that she has been dependent upon her said minor son for support, which defendant has deprived her of, by reason of the grievance set out in the complaint. That the defendant is a railroad corporation organized under the laws of New York and properly authorized to do business in the island and district of Porto Rico. That it owns and operates a line of railroad in the island and maintains a station at the San Juan terminus of the same. That the plaintiff's son was, on or about the 8th day of April, 1906, at the time of the occurring of the injury complained of, in the employ of the defendant as a day laborer and general workman in and about said station, terminus, etc. That on said day her said son was engaged, together with other employees of the defendant, using a certain hand-winch to load and unload defendant's freight cars. That, while thus employed, and exercising all due and proper care, the crank shaft of the winch broke in such manner

Cortejo v. American R. Co.

that the left arm of said minor was caught, struck, and broken in two places between the elbow and the wrist. That this injury occurred through the negligence, carelessness, default, and wrongful act, etc., of the defendant, in knowingly providing, using, and suffering to be used, the said unsafe, defective, and insufficient machine. That it was the duty of the defendant to have and maintain said machine in good and proper condition. That the fracture of the arm was a compound one, that could not be properly set, and that the said minor is thus forever prevented from having the free use of his said arm, etc., and for this reason is unable to support plaintiff, as he was accustomed to do, etc. Plaintiff therefore avers that she has been greatly injured, and has been deprived of her sole support, and claims damages in the sum of $2,000.

To this complaint the defendant demurred, alleging that plaintiff cannot recover:

First. Because no notice in writing or otherwise was given defendant within thirty days after the alleged injury, as required by law, and because the action itself was not commenced within six months from the date of the alleged injury, all as required by § 6 of the local employers' liability act of March 1, 1902, and

Second. Because the relief given by way of damages for loss of support, by the law of Porto Rico, is not capable of being granted in this court, because, as claimed, the prayer is for a fixed sum, which is inconsistent with, and contrary to, the provisions of the Civil Code and laws of Porto Rico embodied in §§ 212 to 221, inclusive, of the Civil Code, and cannot be allowed under the rule laid down by the Supreme Court of the United States in Slater v. Mexican Nat. R. Co. 194 U. S. 120, 48 L. ed. 900, 24 Sup. Ct. Rep. 581.

Cortejo v. American R. Co.

Some months since, in cause No. 384 in this court, entitled, Diaz v. Fajardo Development Co. ante, p. 152, we held that the local employers' liability act of March 1, 1902, §§ 322 to 333 inclusive, P. R. Rev. Stat., was an exclusive remedy. There is nothing in that act, even if it is still in force, which would, in our opinion, authorize the plaintiff here, as a dependent mother, to bring an action in the premises for damages for loss of support, as her son is still living; but, under § 60 of the Code of Civil Procedure of Porto Rico of 1904, a father; or, in case of his death or desertion of his family, the mother, may maintain an action for the injury or death of a minor child, etc. It would appear, though, that the action that can be thus maintained is the ordinary, well-known action as the next friend of the minor, for the minor's own benefit; because we can see nothing in the law that deprives this minor boy, nineteen years of age, of his right to sue this defendant for the injury to himself, either now, by his next friend, in his own right, or by himself after he shall become of age. Sec. 4 of the local employers' liability act referred to provides that a parent can only sue in case of the death of the injured employee on whom such parent was dependent (presumably whether minor or adult). For this reason, if the local employers' liability act referred to is in force, and without reference to the unreasonableness which we think is manifest in § 6 thereof, requiring the injured party to give the employer notice within thirty days after the injury, and to sue within six months,—the shortest period for such purpose required by any state of the Union being one year,—we think that, under § 40 of the local act (Code of Civil Procedure, 1904) such notice cannot be required of a minor, nor can the limitation run against such injured minor during his minority.

Cortejo v. American R. Co.

Black, in his work on Law and Practice in Accident Cases, § 304, states that: "One who has received an injury during minority may sue by *prochein ami* at any time during his infancy; or he may decline doing so, and bring his suit within one year after attaining his majority." He cites in support of this several cases from Missouri and other states of the Union.

We do not think that the local act of 1902, embodied in the Civil Code of that year, §§ 212 to 221, inclusive, cited by counsel for defendant, has any application to this case. It simply defines what relatives and dependents certain persons shall be required to support, and is, we think, applicable only as between such relatives and dependents themselves in suits involving such support.

But there is a larger and more important question involved in this case. The accident to this boy occurred, as stated in the complaint, on April 8, 1906. Two months and three days later, on June 11th of that year, the now somewhat celebrated national employers' liability act (chap. 3073, 34 Stat. at L. 232, Sess. Laws 59th Congress) was passed, and we think it must be taken into account. It provides: "That every common carrier engaged in trade or commerce in the District of Columbia or in any territory of the United States, . . . shall be liable to any of its employees, . . . for all damages which may result from the negligence of any of its officers, agents, or employees, or by reason of any defect or insufficiency due to its negligence in its cars, engines, appliances, machinery, track, roadbed, ways, or works."

Section 4 of this act provides that no action shall be maintained under it unless commenced within one year from the time the cause of action accrued.

It has come to the notice of the court that U. S. District

Judges Evans of Kentucky and McCall of Tennessee have recently held this act unconstitutional because, as alleged, it embraces intrastate as well as interstate causes of action, and because it is impossible, as it is said they claim, to separate the valid from the invalid portions, and therefore they feel constrained to discard the whole of it.

Sutherland, in his work on Statutory Construction, states, in § 169, that statutes may be void in part and good in part, and that: "If one provision of an enactment is invalid and the others valid, the latter are not affected by the void provision, unless they are·plainly dependent upon each other, and so inseparably connected that they cannot be divided without defeating the object of the statute."

Whatever may be the power of Congress under the now much discussed commerce clause of the Constitution, we do not think that, as to a territory or any dependency substantially within the meaning of that term when used in general legislation by Congress, its power depends on the commerce clause. On the contrary, Congress derives and has supreme power as to territories and dependencies because of that clause of the Constitution empowering it to make all needful rules and regulations with reference to the territory or other property of the United States. So that, without reference to whether the said act of Congress is constitutional as to the states, it is, by its very terms, unquestionably the supreme law of the land in, and binding upon, all courts in the territories of the United States, and in all dependencies that can be comprehended within that term.

Several months ago, in a cause in this court, No. 396, entitled, Peck S. S. Line v. New York & P. R. S. S. Co. ante, 109, we took considerable pains to demonstrate, and held, that Porto

Rico, for all practical purposes, as to the applicability of general laws of Congress not locally or by their own terms inapplicable, is a territory, and such laws are in force here.

For the reasons set forth in that opinion, and because we think it broad enough in terms to apply here, and can see nothing about it that is locally inapplicable, we hold that the national employers' liability act, referred to, is constitutional as to, and is in force in, Porto Rico; and as it became a law some four months before the six months statute of limitations in this particular case had expired, it extended the same to the period of one year from the date of the injury, and we feel that this national legislation is prospective as to the remedy, even if it should not be retrospective as to the injruy itself, but left the local law in force as to that, and therefore it is the supreme law on that subject in this district.

For these reasons, the demurrer will be sustained on the ground that the plaintiff has no right to sue for support, because the action lies to the injured boy himself to sue at once by his next friend or wait until he has attained his majority, and sue by himself in his own right; and it is so ordered.